**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRYAN H.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-00214

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER[2]**

Plaintiff Bryan H. filed this Social Security appeal in order to challenge the Commissioner's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff has filed a Statement of Errors, which Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s decision is AFFIRMED because it is supported by substantial evidence.

**I. Summary of Administrative Record**

On August 25, 2022, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning March 1, 2018. Plaintiff also protectively filed a Title XVI application for supplemental security income. Plaintiff's claims were denied initially and on reconsideration. On April 29, 2024, Plaintiff appeared with counsel and testified at a telephonic hearing before ALJ Stuart Adkins. A

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

[2]The parties have consented to disposition by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c).

vocational expert also testified. On June 21, 2024, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Court's final determination. (Tr. 1-4). Plaintiff subsequently filed this judicial appeal, challenging the ALJ's decision.

The ALJ determined that Plaintiff—who was born in 1972, was 46 years old on the alleged disability onset date, and has at least a high school education—had not engaged in substantial gainful activity since March 1, 2018, the alleged onset date. (Tr. 26, 33).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "posttraumatic stress disorder (PTSD); depression; bipolar; anxiety; and substance abuse disorder." (Tr. 26). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 27-29). The ALJ found that, despite these impairments, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations:

> the claimant can perform tasks but not at a production rate pace and without strict performance quotas; limited to occasional superficial contact with coworkers and supervisors with "superficial contact" defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice; can have no interaction with the general public; and can tolerate occasional changes to a routine work setting defined as one to two per week.

(Tr. 29). The ALJ also found that Plaintiff did not have past relevant work. (Tr. 33). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the national economy,

including the representative occupations of laundry worker, hospital cleaner, and dishwasher. (Tr. 34). The ALJ concluded that Plaintiff was not disabled from March 1, 2018 (the alleged onset date) through the date of the decision. (Tr. 35).

Plaintiff in this case challenges the ALJ's RFC determination. According to Plaintiff, the ALJ failed to include restrictions regarding unscheduled breaks, off-task allowances, and absences. Plaintiff further contends that the ALJ failed to fully consider the testimony of the vocational expert. (*See* Doc. 9).

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a disability. Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if

substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. §§ 404.1512(a), 416.912(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he

or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

**B. The ALJ's RFC Finding is Supported by Substantial Evidence.**

In this case, Plaintiff argues that the ALJ's RFC determination failed to account for record evidence that Plaintiff's mental impairments would cause him to be off task and absent from work. (Doc. 9 at PageID 1772). According to Plaintiff, the ALJ also failed to fully consider the testimony of the vocational expert. The undersigned disagrees.

A claimant's RFC is an assessment of the most he can still do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). An RFC assessment must be based on all the relevant evidence in the case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004)). However, the ALJ still has an obligation to consider all of the evidence before him and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, at *7 ("The RFC

assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence ...").

The Sixth Circuit has found that the administrative law judge's residual functional capacity finding does not need to correspond to a particular physician's opinion. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the administrative law judge is required to base a RFC determination on a physician's opinion). As such, no bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

Plaintiff claims the ALJ failed to account for evidence suggesting his mental impairments would cause him to be off task and absent from work. Related, Plaintiff also argues that the ALJ failed to give proper consideration to the testimony of the vocational expert. Plaintiff relies on the expert's testimony—in response to a hypothetical—that an individual requiring two additional fifteen-minute breaks in a workday, being off task 15% of the workday, or being absent three days per month would not sustain employment. (Doc. 9 at PageID 1773).

The Court finds no reversible error because substantial evidence supports the ALJ's RFC determination. The ALJ acknowledged Plaintiff's psychiatric symptoms, including depression, flashbacks, nightmares, paranoia, irritability, and history of suicidal ideation. (Tr. 27-31). The ALJ also considered evidence of Plaintiff's mental-health treatment, hospitalizations, substance abuse, and reported difficulties with concentration and daily activity. The ALJ then compared Plaintiff's alleged symptoms with the treatment

record, mental-status findings, and other evidence bearing on functional capacity. The ALJ found that Plaintiff's symptoms and social difficulties warranted limitations to occasional superficial contact with coworkers and supervisors, as well as no public contact. (Tr. 31). The ALJ further determined that evidence of improved functioning with treatment and medication compliance, along with recent reports of normal memory and concentration, was consistent with the ability to perform non-production rate tasks without strict performance quotas and to tolerate occasional changes to a routine work setting. (*Id.*).

Although Plaintiff claims that his mental impairments would cause work-preclusive off-task behavior and absences, he identifies no medical opinion establishing a specific need for such limitations or particular evidence that the ALJ overlooked or materially mischaracterized. Plaintiff instead relies primarily on his own hearing testimony, Function Report statements, and broad citations to the treatment record. (Doc. 9 at PageID 1772-73). The ALJ considered Plaintiff's functional allegations, but reasonably found that the record, including evidence of improvement with treatment and repeated findings of intact attention and concentration, did not establish the additional restrictions Plaintiff proposes.

The ALJ reviewed Plaintiff's hearing testimony, including his statements that depression sometimes caused him not to want to get up to do anything, that his daily functioning varied with his emotional state, that he largely stayed to himself, and that he experienced nightmares, flashbacks, and sleep difficulty. (Tr. 30, 191-94). The ALJ also noted Plaintiff's testimony that his medications have him "regulated pretty good," that he was eating and sleeping better, that he was stable at that time, and that his medication has been effective. (*Id.*). Plaintiff further stated that his memory is "pretty good," but his

main problem is ongoing nightmares and flashbacks, as well as being around others. (Tr. 30, 193-94). The ALJ reasonably determined that Plaintiff's allegations were not wholly consistent with the record and incorporated restrictions addressing the supported effects of his mental impairments.

The ALJ also reviewed Plaintiff's treatment records (Tr. 29-31) and the prior administrative medical finding of the state-agency psychological consultant. The ALJ found the consultant's finding that the record contained insufficient evidence to evaluate Plaintiff's functional limitations unpersuasive because the consultant had not reviewed the complete record. (Tr. 32). In determining the RFC, the ALJ evaluated the longitudinal treatment evidence and reasonably concluded that the evidence supported non-production rate work with significant social restrictions, but not disabling mental limitations. (Tr. 32).

In sum, substantial evidence supports the ALJ's RFC determination, including the absence of additional limitations for unscheduled breaks, work-preclusive off-task time, or excessive absenteeism. Although Plaintiff argues the record supported additional limitations and disagrees with the ALJ's decision, he has not shown that the ALJ's decision fell outside the permissible "zone of choice" within which an ALJ may resolve evidentiary conflicts without judicial interference. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Furthermore, to the extent that Plaintiff asks this Court to reweigh the evidence, it is the ALJ's responsibility to evaluate the evidence in the record and determine the RFC. *See* 20 C.F.R. § 404.1546(c); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). *See* also *Whetsel v. Comm'r of Soc. Sec.*, No. 2:15-cv-3015, 2017 WL 443499, at *8 (S.D. Ohio Feb. 2, 2017) ("it is not this Court's job to reweigh

the evidence, but only to determine if the ALJ has evaluated it in a reasonable fashion."); *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x. 586, 588 (6th Cir. 2019) ("[t]his [C]ourt does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job.").

Plaintiff also contends that the ALJ failed to fully consider "essential vocational expert testimony." (Doc. 9 at PageID 1773). Plaintiff relies on the expert's testimony that an individual requiring two additional fifteen-minute breaks in a workday, being off task 15% of the workday, or being absent three days per month would not sustain employment. (*Id.*; Tr. 198-99). That testimony, however, was elicited in response to a more restrictive hypothetical than the RFC the ALJ ultimately adopted. (*See* Tr. 197-99). In the first hypothetical, the ALJ included the limitations ultimately incorporated into the RFC, and the vocational expert identified the representative occupations available to Plaintiff as noted in the ALJ's decision. (Tr. 197-98). The ALJ then asked a second hypothetical incorporating the additional breaks, off-task, and absence limitations on which Plaintiff relies.

A vocational expert's testimony constitutes substantial evidence when it is given in response to a hypothetical question that accurately reflects the claimant's limitations as supported by the record. *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). *See also Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922 (6th Cir. 1987)). "[T]he mere fact that the ALJ asked the VE about certain

hypothetical limitations does not mean that the ALJ is then required to adopt them into the RFC." *Aiello v. Comm'r Soc. Sec.*, No. 1:19-cv-01558, 2020 WL 2526956, at *3 (N.D. Ohio May 18, 2020) (citing *Sayler v. Comm'r Soc. Sec.*, 574 F. App'x 595, 596 (6th Cir. 2014)). As discussed above, substantial evidence supports the ALJ's determination that Plaintiff did not require additional breaks, work-preclusive off-task time, or excessive absences. The ALJ therefore permissibly relied on the vocational expert's response to the first hypothetical, which accurately reflected the limitations the ALJ found supported by the record and incorporated into the RFC. Plaintiff's vocational-expert claim is without merit.

Upon review of the entire record, the Court finds no error in the ALJ's RFC determination. As detailed above, the ALJ properly considered Plaintiff's subjective allegations and the prior administrative medical finding, and the decision is supported by substantial evidence.

**III. Conclusion and Order**

Accordingly, **IT IS ORDERED THAT** the Commissioner's decision is **AFFIRMED,** and this case is **CLOSED.**

*s/Stephanie K. Bowman* ______
Stephanie K. Bowman
United States Chief Magistrate Judge